**FILED**
Thursday, 05 August, 2004  11:36:55 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **ROBERT HANSEN and DONNA HANSEN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **Case No. 03-CV-2073** |
| ) | |
| **ROBERT CANNON and SERGEANT** ) | |
| **AUTERMAN, individually and as Deputy** ) | |
| **Sheriffs for Vermilion County, Illinois;** ) | |
| **CHARLES WOLFE, individually and as** ) | |
| **Police Chief for the Village of Tilton; and** ) | |
| **CONRAD WANTLAND, individually and** ) | |
| **as Mayor of the Village of Tilton, Illinois,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On June 28, 2004, this court entered an Order (#226) which allowed Defendants' Bills of Costs (#210, #214). Plaintiff was ordered to pay costs to Defendants Cannon and Auterman in the amount of $1519.20 and costs to Defendants Wolfe and Wantland in the amount of $999.95. On July 27, 2004, Plaintiffs filed a Motion to Reconsider Bill of Costs (#234). In their Motion, Plaintiffs argue that Defendants should not have been awarded costs because Defendants Wantland, Auterman and Wolfe made false statements during their depositions. In support of this allegation, Plaintiffs attached the transcripts of various depositions taken in this case. On August 2, 2004, Defendants Wolfe and Wantland filed their Response (#235) and asked that the Motion be denied.

Because Plaintiffs' Motion was filed more than 10 days after the entry of this court's Order, this court must consider the Motion under Rule 60(b) of the Federal Rules of Civil Procedure. See Helm v. Resolution Trust Corp., 84 F.3d 874, 877 (7th Cir. 1996); Robinson v. City of Harvey, 2003 WL 21696191, at *5 (N.D. Ill. 2003).

This court believes that Plaintiffs' argument is that this court should not have awarded costs because "the prevailing party engaged in misconduct." See Washington v. Vill. of Riverside, Ill.,

2003 WL 21789000, at *2 (N.D. Ill. 2003), citing Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). This court has reviewed the documents Plaintiffs attached to their Motion. Essentially, the documents show that Plaintiffs disagree with statements made by Defendants in depositions taken more than six years after the events in question. This court concludes that it is not surprising that recollections of events differ after such a lengthy passage of time. This court therefore concludes that Plaintiffs have not shown that Defendants engaged in misconduct. See Falcon v. City of Chicago, 2000 WL 1231403, at *3 (N.D. Ill. 2000) (no showing that the Defendant engaged in bad faith which would justify disallowing costs). Accordingly, Plaintiffs have not shown that they are entitled to relief under the grounds set out in Rule 60(b). See Robinson, 2003 WL 21696191, at *5-6.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion to Reconsider Bill of Costs (#234) is DENIED.

ENTERED this 4th day of August, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE