E-FILED
Friday, 11 March, 2005 04:09:12 PM
Clerk, U.S. District Court, ILCD

IN THE U.S. DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBERT HANSEN and DONNA HANSEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 03 CV 2073 |
| | ) | JURY DEMAND |
| CANNON et al; | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE
and MEMORANDUM IN SUPPORT THEREOF**
**[Federal Rules of Evidence 403, 608, and 609]**

NOW COME the Plaintiffs, ROBERT HANSEN and DONNA HANSEN, by and through their representatives, Brian Dampier and Scott Kording, and for their MOTION IN LIMINE AND MEMORANDUM IN SUPPORT THEREOF to bar the Defendant, CHARLES WOLFE, from presenting in the presence of the jury evidence that is inadmissible, prejudicial, or otherwise improper, state as follows:

**I.    DEFENDANT SHOULD BE BARRED FROM OFFERING EVIDENCE TO THE JURY REGARDING PLAINTIFF ROBERT HANSEN'S MISDEMEANOR THEFT CONVICTION.**

Plaintiffs anticipate that Defendant will offer evidence regarding Plaintiff ROBERT HANSEN's misdemeanor theft conviction from sometime in the 1980s. This information is wholly irrelevant to any of the issues to be determined in this jury trial. This fact in no way relieves Defendant of liability. Plaintiffs request that this motion be granted and that Defendant be barred from raising in front of the jury any evidence about this conviction because of the prejudice to Plaintiffs that would result if this irrelevant misdemeanor conviction were presented to the jury.

Even if the conviction were relevant, Fed. R. Evid. 609 would preclude introduction of ROBERT HANSEN's specific crime. Fed. R. Evid. 609(a)(2) allows evidence of the conviction of a crime involving dishonesty for the purpose of attacking the credibility of a witness. However, the United States Court of Appeals for the Seventh Circuit has held that petty shoplifting does not by itself qualify as a crime of dishonesty. United States v. Galati, 230 F.3d 254, 261 (7th Cir. 2000). In his deposition of September 18, 2003, Plaintiff ROBERT HANSEN stated that he was convicted of misdemeanor theft for the attempted shoplifting of a router bit. (Deposition of ROBERT HANSEN, Sept. 18, 2003, pp. 49-50). Therefore, ROBERT HANSEN's misdemeanor theft conviction falls outside of the scope of allowable prior convictions under Fed. R. Evid. 609(a)(2).

Furthermore, under Fed. R. Evid. 609(b), evidence of a conviction is not admissible if more than ten years has elapsed since the date of conviction unless the Court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. Since ROBERT HANSEN's misdemeanor conviction occurred sometime in the 1980s, more than ten years has elapsed. In addition, the probative value of such evidence would not substantially outweigh the significant prejudicial effect that the conviction would have on the jury.

Moreover, under Fed. R. Evid. 609(b), evidence of a conviction more than ten years old is not admissible unless the proponent gives the adverse party sufficient advance written notice of intent to use such evidence. To date, Defendant has not provided Plaintiffs' counsel with any written notice of an intention to use such evidence.

**II.     DEFENDANT SHOULD BE BARRED FROM OFFERING EVIDENCE TO THE JURY REGARDING PLAINTIFFS' INITIATION OF OTHER LAWSUITS UNRELATED TO THIS CASE, THEIR REPUTATION TO SUE OTHERS, AND**

**THEIR PROPENSITY TO SUE OTHERS.**

Plaintiffs anticipate that Defendant will offer evidence regarding ROBERT HANSEN's and DONNA HANSEN's initiation of other lawsuits unrelated to this case, their reputation to sue others, or their propensity to sue others. This information is wholly irrelevant to any of the issues to be determined in this jury trial. Plaintiffs' other lawsuits in no way relieve Defendant of liability. Plaintiffs request that this motion be granted and that Defendant be barred from raising in front of the jury any evidence about Plaintiffs' other lawsuits because of the prejudice to Plaintiffs that would result if the jury heard this evidence.

Fed. R. Evid. 403 provides for exclusion of evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." Adv. Comm. Note to Fed. R. Evid. 403. Any specific reference to a particular lawsuit initiated by ROBERT HANSEN or DONNA HANSEN is likely to cause an impermissibly adverse emotional response by members of the jury against Plaintiffs. Moreover, the jury likely would be confused and misled by Defendant's discussion of other dismissed defendants. Furthermore, under Fed. R. Evid. 608(b), specific instances of a witness' conduct may not be proven by extrinsic evidence for the purpose of attacking or supporting the witness' credibility (other than conviction of a crime as provided in Fed. R. Evid. 609). In this case, the specific instances of conduct protected by Fed. R. Evid. 608(b) are Plaintiffs' prior lawsuits.

Fed. R. Evid. 608(a) precludes the introduction of evidence in the form of opinion or reputation to attack the credibility of a witness unless the evidence refers only to the witness'

character for truthfulness or untruthfulness. However, any testimony of Plaintiffs' reputation or propensity to sue others fails to bear on Plaintiffs' truthfulness and therefore should be barred.

### III. DEFENDANT SHOULD BE BARRED FROM OFFERING EVIDENCE REGARDING PLAINTIFFS' STATE-COURT LAWSUIT RELATED TO THE INCIDENT UNDERLYING THIS CASE.

Plaintiffs anticipate that Defendant will offer evidence regarding ROBERT HANSEN's and DONNA HANSEN's initiation of state-court lawsuit against private actors related to the incident underlying this case. This information is wholly irrelevant to any of the issues to be determined in this jury trial. Plaintiffs' legal claims against a mortgage company and a realtor in state court in no way relieve Defendant of ultimate liability for violating Plaintiffs' constitutional rights. Plaintiffs request that this motion be granted and that Defendant be barred from raising in front of the jury any evidence about Plaintiffs' state-court lawsuit against private actors because of the prejudice to Plaintiffs that would result if the jury heard this evidence.

Fed. R. Evid. 403 provides for exclusion of evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." Adv. Comm. Note to Fed. R. Evid. 403. Any specific reference to the state-court lawsuit (related to this case) initiated by ROBERT HANSEN or DONNA HANSEN is likely to cause an impermissibly adverse emotional response by members of the jury against Plaintiffs. Moreover, the jury likely would be confused and misled by Defendant's discussion of the state-court suit. Plaintiffs should not be penalized in this jury trial for attempting to enforce their rights as litigants in state court. That Plaintiffs alleged other theories of liability against other private actor defendants in state court has no bearing on Defendant's liability simply because Plaintiffs initially attempted to recover from

other parties. After all, Defendant should not be permitted to get "off the hook" for violating Plaintiffs' constitutional rights simply because Plaintiffs sought recovery in state court for a mortgage company's alleged breach of contract.

In addition, if Defendant is permitted to offer evidence that Plaintiffs previously filed suit in state court for injuries stemming from the incident underlying this case, then Defendant's evidence would have the same prejudicial impact on the jury as if Defendant had offered direct evidence of Plaintiffs' prior lawsuits, reputation to sue others, or propensity to sue others. See Part II, supra.

### IV. DEFENDANT SHOULD BE BARRED FROM OFFERING EVIDENCE TO THE JURY ABOUT THE FIVE OTHER DEFENDANTS SUED IN THIS CASE BY PLAINTIFFS AND SUBSEQUENTLY DISMISSED BY THE COURT.

Plaintiffs anticipate that Defendant will offer evidence that Plaintiffs initially sued five defendants in this case in addition to Defendant CHARLES WOLFE. When initiating this case, Plaintiffs' complaint named as defendants the following parties: the County of Vermilion, Illinois; the Village of Tilton, Illinois; Vermilion County Sheriff's Captain Robert Cannon; Vermilion County Sheriff's Deputy Daniel Auterman; and Village of Tilton Mayor Conrad Wantland. This Court granted summary judgment in favor of these five other defendants, and they were dismissed from this lawsuit. However, this information in no way relieves Defendant CHARLES WOLFE of liability. Plaintiffs request that this motion be granted and that Defendant be barred from raising in front of the jury any evidence about Plaintiffs' initial inclusion or the subsequent dismissal of the five other defendants in this case. Plaintiffs would be prejudiced if the jury heard this evidence.

Fed. R. Evid. 403 provides for the exclusion of evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." Adv. Comm. Note to Fed. R. Evid. 403. Any specific reference to the Plaintiffs' initial inclusion of other defendants in this suit is likely to case an impermissible adverse emotional response by jurors against Plaintiffs. The jury likely would be confused and misled by Defendant's discussion of other dismissed defendants. Moreover, that Plaintiffs initially sued additional defendants is irrelevant because that fact does not tend to prove or disprove Defendant's ultimate liability in this action.

In addition, if Defendant is permitted to offer evidence that five other defendants were dismissed from this action, then Defendant's evidence would have the same prejudicial impact on the jury as if Defendant had offered direct evidence of Plaintiffs' prior lawsuits, reputation to sue others, or propensity to sue others. See Part II, supra.

WHEREFORE, Plaintiffs request that this Honorable Court grant Plaintiffs' Motion in Limine and enter an order granting the following relief:

    A.    Excluding from evidence and argument any reference by Defendant to Plaintiff ROBERT HANSEN's misdemeanor theft conviction;

    B.    Excluding from evidence and argument any reference by Defendant to Plaintiffs' prior initiation of lawsuits unrelated to this case, Plaintiffs' reputation to sue others, or Plaintiffs' propensity to sue others;

    C.    Excluding from evidence and argument any reference by Defendant to Plaintiff's prior state-court suit against private actors for injuries stemming from the incident underlying this case;

      D.      Excluding from evidence and argument any reference by Defendant to either (i) Plaintiffs' initial inclusion of multiple defendants in this lawsuit or (ii) the dismissal of these other defendants from this lawsuit; and

      E.      Granting such other and further relief as this Court deems appropriate.

      Respectfully submitted,

      ROBERT HANSEN and
      DONNA HANSEN, Plaintiffs

By: /s/ BRIAN DAMPIER
      Brian Dampier, Senior Law Student

/s/ SCOTT KORDING
Scott Kording, Senior Law Student

Brian Dampier, Senior Law Student
Scott Kording, Senior Law Student
C/o Professor J. Steven Beckett
University of Illinois College of Law
504 E. Pennsylvania Avenue
Champaign, IL  61820
(217) 333-3608