E-FILED
Monday, 21 March, 2005  01:34:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROBERT HANSEN and DONNA HANSEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) NO. 03-2073 |
| | ) |
| CHARLES WOLFE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WOLFE  MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE**

Now comes the Defendant, CHARLES WOLFE, by JOHN F. MARTIN of MEACHUM & MARTIN, and in response to the Plaintiffs' Motion in Limine states as follows:

1. Defendant does not object to Plaintiffs' Motion in Limine regarding a misdemeanor conviction for theft in the 1980's or other convictions that are more than ten years old.  Federal Rule of Evidence 609(b).

2. Defendant objects to Plaintiffs' motion as it relates to evidence of other lawsuits filed by the Plaintiffs.

The evidence adduced in pretrial discovery has shown that Plaintiffs have filed one or more other lawsuits in State Court which arise from the same factual situation as the subject matter of the federal suit.  Certainly statements made by Plaintiffs in the other suits would be admissible as admissions of a party under Federal Rule of Evidence

801(d)(2). Such admissions may take the form of pleadings, interrogatory answers, depositions, or other written statements by the Plaintiffs.

These statements in evidence of the other lawsuit are certainly relevant since they arise from the same incident as the instant case. They tend to show that while contending in the federal suit that these Defendants are responsible for the claimed damages, the Plaintiffs are at the same time attempting to blame others in the State Court proceedings.

The evidence of the other suits would also be relevant to show that Plaintiffs are attempting to recover the same or much of the same damages in the present case as they are in the other lawsuits. The inconsistent actions of the Plaintiffs are relevant and have a bearing on the jury's determination of the credibility of the Plaintiffs and the validity of their claims made here.

In <u>Gastineau v. Fleet Mortgage Corporation</u>, 137 Fed.3d 490 (7th Cir. 1998) a former employee sued under Title VII alleging sexual discrimination. The Seventh Circuit Court of Appeals held that plaintiff's Motion in Limine was properly denied that asked for evidence of other lawsuits by the same plaintiff against other employers be barred.

Evidence of the other lawsuit or lawsuits filed by Plaintiffs arising from this incident are even more relevant than the situation in <u>Gastineau</u>.

Defendant requests the Plaintiffs' Motion in Limine be denied on this issue.

3. Defendant does not object to Plaintiffs' Motion in Limine regarding the fact that other Defendants have been dismissed.

        CHARLES WOLFE, Defendant
        s/ John F. Martin
        Attorney for Defendant
        Meachum & Martin
        110 N. Vermilion
        Danville, IL  6l832
        Telephone:  (217)442-1390
        Fax:  (217)442-2042
        E-mail:  jfmartin2@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Scott Kording & Brian Dampier, c/o Professor J. Steven Beckett, University of Illinois College of Law, 504 E. Pennsylvania Avenue,Champaign,IL 6l820.

        s/ John F. Martin
        Attorney for Defendant
        Meachum & Martin
        110 N. Vermilion
        Danville, IL  6l832
        Telephone:  (217)442-1390
        Fax:  (217)442-2042
        E-mail:  jfmartin2@aol.com