IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROBERT HANSEN and DONNA HANSEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) NO. 03-2073 |
| | ) |
| CHARLES WOLFE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTION TO MOTION FOR LEAVE
TO MAKE ADDITIONAL DISCLOSURE OF EXPERT OPINION WITNESS**

Now comes the Defendant, CHARLES WOLFE, by JOHN F. MARTIN of MEACHUM & MARTIN, and objects to Plaintiffs' Motion for Leave to Make Additional Disclosure of Expert Opinion Witness and states as follows:

PLAINTIFFS' ATTEMPTED DISCLOSURE IS LATE, UNFAIR AND PREJUDICIAL TO DEFENDANT, AND SHOULD BE BARRED.

In their motion Plaintiffs ask leave to disclose an entirely new expert opinion witness in this case to testify as to property values.

Defendant objects to this request as being untimely and extremely unfair and prejudicial to Defendant.

As Plaintiffs correctly point out in their motion, under the prior Order of the Court discovery is closed. Similarly various deadlines in the case have all passed, including the deadline for Plaintiffs to disclose expert witnesses (and their opinions). This lawsuit has been on file for 5 1/2 years and has been through several scheduling orders and deadlines, many of which

the Plaintiffs failed to comply with. Plaintiffs have had ample opportunity to disclose expert witnesses including the extension of time to do so which was granted in the fall of 2003 at which time the Plaintiffs even then had appointed counsel representing them.

The requested disclosure of an unnamed expert opinion witness made after discovery is closed, after deadlines have passed, and on the eve of trial is unfair and prejudicial to the Defendant. The Defendant has no opportunity to do adequate investigation or any discovery regarding the unnamed expert witness, nor an opportunity to obtain his own expert witnesses and evidence in opposition to what the Plaintiffs' new witness might say.

Federal Rule of Procedure 26 provides for detailed procedures regarding disclosure of witnesses in evidence including disclosure of expert testimony. The request of Plaintiffs in this case to make a new expert witness disclosure completely fails to comply with Rule 26 or the prior discovery orders of the Court. FRCP 26.

WHEREFORE, Defendant requests that the motion be denied.

> CHARLES WOLFE, Defendant
> s/ John F. Martin
> Attorney for Defendant
> Meachum & Martin
> 110 N. Vermilion
> Danville, IL 6l832
> Telephone: (217)442-1390
> Fax: (217)442-2042
> E-mail: jfmartin2@aol.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   Scott Kording & Brian Dampier, c/o Professor J. Steven Beckett, University of Illinois College of Law, 504 E. Pennsylvania Avenue, Champaign, IL  6l820.

               s/ John F. Martin
               Attorney for Defendant
               Meachum & Martin
               110 N. Vermilion
               Danville, IL  6l832
               Telephone:  (217)442-1390
               Fax:  (217)442-2042
               E-mail:  jfmartin2@aol.com