UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED

MAR 2 8 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| ROBERT HANSEN and DONNA HANSEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 03-CV-2073 |
| ) | |
| CHARLES WOLFE, individually and as ) | |
| Police Chief for the Village of Tilton, Illinois, ) | |
| ) | |
| Defendant. ) | |

PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held March 28, 2005, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and Brian Dampier and Scott Kording having appeared as counsel for the Plaintiffs, and John F. Martin having appeared as counsel for the Defendant, the following action was taken:

I.   NATURE OF ACTION AND JURISDICTION

This is an action for damages for alleged violation of Plaintiffs' civil rights under the Fourth and Fourteenth Amendments of the United States Constitution, and as provided for under the Civil Rights Act, 42 U.S.C. § 1983. The jurisdiction of the Court is invoked under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (deprivation under color of law secured by the U.S. Constitution), and 42 U.S.C. § 1983 (civil action for deprivation of rights). The jurisdiction of the Court is not disputed.

1

## II.    JOINT STATEMENT

A.    **JURISDICTION**

The PLAINTIFFS, ROBERT HANSEN and DONNA HANSEN, allege that the DEFENDANT CHARLES WOLFE, violated their civil rights in connection with a court-ordered eviction of the PLAINTIFFS.

Plaintiffs wish to add the following text under "Jurisdiction":

On November 5, 1999, PLAINTIFFS filed a complaint in the United States District Court for the Central District of Illinois, Urbana Division, against six defendants: ROBERT CANNON, individually and as a Deputy Sheriff for Vermilion County, Illinois; DANIEL AUTERMAN, individually and as a Deputy Sheriff for Vermilion County, Illinois; CHARLES WOLFE, individually and as Police Chief for the Village of Tilton, Illinois; CONRAD WANTLAND, individually and as Mayor of the Village of Tilton, Illinois; the VILLAGE OF TILTON, ILLINOIS, a governmental entity; and VERMILION COUNTY, ILLINOIS, a governmental entity.

1.    **THE VERMILION COUNTY DEFENDANTS**

On December 13, 1999, an Answer to the Complaint was filed by DEFENDANT ROBERT CANNON, DEFENDANT DANIEL AUTERMAN, and DEFENDANT VERMILION COUNTY, ILLINOIS (the "VERMILION COUNTY DEFENDANTS"). On September 1, 2000, PLAINTIFFS filed an Amended Complaint with a Jury Demand. On September 5, 2000, the VERMILION COUNTY DEFENDANTS filed a Motion for Summary Judgment. On July 5, 2001, PLAINTIFFS filed a Second Amended Complaint. On the same day, the Honorable Michael P. McCuskey, U.S. District Judge, entered an Order granting the VERMILION

COUNTY DEFENDANTS' Motion for Summary Judgment and entering Judgment in favor of the VERMILION COUNTY INDIVIDUAL DEFENDANTS.

PLAINTIFFS timely filed a Notice of Appeal on August 1, 2001. On December 18, 2001, the United States Court of Appeals for the Seventh Judicial Circuit affirmed the District Court's grant of Summary Judgment to DEFENDANT VERMILION COUNTY, ILLINOIS, reversed the District Court's grant of Summary Judgment to DEFENDANTS CANNON and AUTERMAN (the "VERMILION COUNTY INDIVIDUAL DEFENDANTS"), and remanded to the District Court for further proceedings. Hansen v. Cannon, 2001 WL 1637660, at *3 (7th Cir. 2001).

On November 21, 2002, the VERMILION COUNTY INDIVIDUAL DEFENDANTS filed an Answer to the Second Amended Complaint. On December 23, 2002, the VERMILION COUNTY INDIVIDUAL DEFENDANTS filed an Amended Answer to the Second Amended Complaint. On January 15, 2004, the VERMILION COUNTY INDIVIDUAL DEFENDANTS filed a Motion for Summary Judgment. On January 30, 2004, PLAINTIFFS filed a Third Amended Complaint. On February 23, 2004, the VERMILION COUNTY INDIVIDUAL DEFENDANTS filed an Answer to the Third Amended Complaint. On March 1, 2004, the VERMILION COUNTY INDIVIDUAL DEFENDANTS filed for Summary Judgment. On April 5, 2004, the Honorable Michael P. McCuskey, U.S. District Judge, entered an Order granting the VERMILION COUNTY INDIVIDUAL DEFENDANTS' Motion for Summary Judgment and entering Judgment in favor of the VERMILION COUNTY INDIVIDUAL DEFENDANTS.

PLAINTIFFS timely filed a Notice of Appeal on April 30, 2004. On November 29, 2004, the United States Court of Appeals for the Seventh Judicial Circuit affirmed the District

Court's grant of Summary Judgment for the VERMILION COUNTY INDIVIDUAL DEFENDANTS. Hansen v. Cannon, 2004 WL 2829016, at *7 (7th Cir. 2004). No VERMILION COUNTY DEFENDANTS remain in this cause.

2.    **THE TILTON DEFENDANTS**

On January 4, 2000, a Motion to Dismiss, or in the alternative for Summary Judgment, was made by DEFENDANT CHARLES WOLFE, DEFENDANT CONRAND WANTLAND, and DEFENDANT VILLAGE OF TILTON, ILLINOIS ("the TILTON DEFENDANTS"). On September 1, 2000, PLAINTIFFS filed an Amended Complaint with a Jury Demand. On September 14, 2000, DEFENDANTS WANTLAND and WOLFE filed an Answer to the Amended Complaint. On September 14, 2000, the TILTON INDIVIDUAL DEFENDANTS filed an Answer to the Amended Complaint. On February 8, 2001, the TILTON DEFENDANTS filed a Motion for Summary Judgment. On July 5, 2001, PLAINTIFFS filed a Second Amended Complaint. On the same day, the Honorable Michael P. McCuskey, U.S. District Judge, entered an Order granting the TILTON DEFENDANTS' Motion for Summary Judgment and entering Judgment in favor of the TILTON INDIVIDUAL DEFENDANTS.

PLAINTIFFS timely filed their Notice of Appeal on August 1, 2001. On December 18, 2001, the United States Court of Appeals for the Seventh Judicial Circuit affirmed the District Court's grant of Summary Judgment to DEFENDANT VILLAGE OF TILTON, ILLINOIS, reversed the District Court's grant of Summary Judgment to DEFENDANTS WANTLAND and WOLFE (the "TILTON INDIVIDUAL DEFENDANTS"), and remanded to the District Court for further proceedings. Hansen v. Cannon, 2001 WL 1637660, at *3 (7th Cir. 2001).

On June 28, 2002, the TILTON INDIVIDUAL DEFENDANTS filed an Answer to the Second Amended Complaint. On January 16, 2004, the VERMILION COUNTY INDIVIDUAL

DEFENDANTS filed a Motion for Summary Judgment. On January 30, 2004, PLAINTIFFS filed a Third Amended Complaint. On March 1, 2004, the TILTON INDIVIDUAL DEFENDANTS renewed the Motion for Summary Judgment of January 16, 2004. On April 5, 2004, the Honorable Michael P. McCuskey, U.S. District Judge, entered an Order granting the TILTON INDIVIDUAL DEFENDANTS' Motion for Summary Judgment and entering Judgment in favor of the TILTON INDIVIDUAL DEFENDANTS.

PLAINTIFFS timely filed a Notice of Appeal on April 30, 2004. On November 29, 2004, the United States Court of Appeals for the Seventh Judicial Circuit affirmed the District Court's grant of Summary Judgment for DEFENDANT WANTLAND. Hansen v. Cannon, 2004 WL 2829016, at *7 (7th Cir. 2004). However, the Court of Appeals reversed the District Court's grant of Summary Judgment for DEFENDANT WOLFE and remanded for trial as to DEFENDANT WOLFE. Id., at *6-7.

### 3.    CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

Plaintiffs' version:

PLAINTIFFS and DEFENDANT WOLFE[1] jointly filed a properly executed Consent to Proceed Before a U.S. Magistrate Judge form on February 14, 2005. On the same day, the Honorable Michael P. McCuskey, U.S. District Judge, reassigned this cause for all further proceedings to the Honorable David G. Bernthal, U.S. Magistrate Judge.

Defendant's version:

The parties have consented to Honorable Michael P. McCuskey, U.S. District Judge, reassigned this cause for all further proceedings being before the Honorable David G. Bernthal, U.S. Magistrate Judge.

---

[1] DEFENDANT WOLFE hereinafter will be styled "DEFENDANT."

B.    **UNCONTESTED ISSUES OF FACT**

PLAINTIFFS and DEFENDANT agree on the following undisputed facts:

1. PLAINTIFFS purchased on the same date two adjacent lots located at 119 and 121 W. Fourth Street, Tilton, Illinois.

2. "Lot 8" is an identifier associated with 119 W. Fourth Street, Tilton, Illinois ("119 W. Fourth Street"), and "Lot 9" is an identifier associated with 121 W. Fourth Street, Tilton, Illinois ("121 W. Fourth Street").

3. Lot 8 and Lot 9 is bordered on the north by an alley and bordered on the south by West Fourth Street.

4. Lot 8 is bordered on the west by Lot 9 and bordered on the east by a private residential property, 117 W. Fourth Street.

5. Lot 9 is bordered on the east by Lot 8 and bordered on the west by H Street.

6. At all relevant times, the only structure situated on Lot 8 was a large storage garage near the north end of the lot.

7. As of November 5-7, 1997, Lot 9 had three structures situated thereon: a house approximately situated on the southwest corner of the lot, and two garages located north of the house.

8. Driveways accessed both Lot 8 and Lot 9 from the alley to the north, and no driveways accessed the lots from West Fourth Street to the south. Lot 9 also can be accessed by a driveway from H Street.

9. As of November 5, 1997, PLAINTIFFS maintained an extensive bed of flowers along the entirety of the east side of Lot 8 (bordering the 117 W. Fourth Street residence).

6

10. As of November 5, 1997, PLAINTIFFS maintained another bed of flowers on the west side of Lot 9 (bordering H Street), and this bed of flowers began on the south end of the lot and ended near the alley on the north end of the lot.

11. Tax bills for both Lot 8 and Lot 9 were mailed to 121 W. Fourth Street.

12. In 1993, a foreclosure action was prosecuted against Lot 9. On August 27, 1997, the Vermilion County Circuit Court entered an order confirming the sale of 121 W. Fourth Street, which authorized the Vermilion County Sheriff to obtain possession of the premises legally described as "Lot 9 in Block 3 in Ellsworth Coal Company's First Addition to Tilton, situated in Vermilion County, Illinois. Permanent Index No. Danville Out Lot 292, commonly known as 121 W. Fourth St., Tilton, Illinois 61832." PLAINTIFFS did not appeal the order of possession.

13. On November 5-7, 1997, the Vermilion County Sheriff's Department executed an Order of Possession for 121 W. Fourth Street, Tilton, Illinois, as authorized by the Vermilion County Circuit Court.

14. Larry Lillard ("Lillard") was employed as a Deputy Sheriff by the Vermilion County Sheriff's Office in November 1997. Lillard's duties as a Deputy Sheriff in November 1997 included the service and execution of warrants and orders of possession.

15. On November 5, 1997, Lillard served and executed the Order of Possession for the Vermilion County Sheriff's Office by placing it under the door of the house at 121 W. Fourth Street.

16. Safeguard is the company that was hired by the mortgagee, GMAC, to handle the eviction.

7

17. Safeguard hired Rick Woodard to be on-site and execute the eviction for Safeguard.

18. When Lillard first arrived at Lot 9 on November 5, 1997, the Safeguard movers already were present.

19. During execution of the Order of Possession on November 5, 1997, an unknown Tilton police officer informed Lillard that the large storage garage located on Lot 8 actually was part of Lot 9 and subject to the Order of Possession.

20. While PLAINTIFFS were present at Lot 8 on November 7, 1997, DEFENDANT also was present for some period of time.

21. As of November 5-7, 1997, Robert Cannon was employed as a Deputy Sheriff and Captain by the Vermilion County Sheriff's Office.

22. During the removal of PLAINTIFFS' personal property from the large storage garage located at Lot 8 on November 5-7, 1997, access to the garage's interior was effected only after the lock was drilled out.

23. As of November 5, 1997, there was no numbered address on the large storage garage situated on Lot 8.

24. As of November 5, 1997, the home situated on Lot 9 had a numbered address appearing thereon.

C. **UNCONTESTED ISSUES OF LAW**

There are no uncontested issues of law.

D. **CONTESTED ISSUES OF FACT**

PLAINTIFFS and DEFENDANT have the following contested issues of fact:

8

1. Whether, on November 7, 1997, DEFENDANT ordered PLAINTIFFS to leave Lot 8 or face arrest.

2. Whether Attorney Richard Kurth was present with PLAINTIFFS at Lot 8 while DEFENDANT was at Lot 8 on November 7, 1997.

3. Whether and which other individuals were present while PLAINTIFFS and DEFENDANT all were at Lot 8 on November 7, 1997.

4. Whether DEFENDANT knew or should have known prior to November 7, 1997, that Lot 8 was not part of Lot 9.

5. Whether PLAINTIFFS and/or Attorney Richard Kurth informed DEFENDANT on November 7, 1997, that the Order of Possession was being executed wrongfully at Lot 8.

6. Whether DEFENDANT authorized, suggested, directed, or permitted the movers to continue removing property from Lot 8 after either knowing or being informed that Lot 8 was not subject to the Order of Possession.

7. What items of PLAINTIFFS' personal property, including any vehicles or animals, were removed wrongfully from the large storage garage on Lot 8 as a result of DEFENDANT's actions.

8. Whether Attorney Kurth advised PLAINTIFFS to leave Lot 8 on November 7, 1997, as a result of DEFENDANT's statements to PLAINTIFFS.

9. What is the value of the PLAINTIFFS' personal property that was removed wrongfully from the large storage garage on Lot 8.

Plaintiffs wish to add:

10. ~~The identity of the unknown Tilton police officer who allegedly reported to Vermilion County Sheriff's personnel that Lots 8 and 9 were a single address and property.~~

Defendant wishes to add:

10. Whether an unknown Tilton police officer allegedly reported to Vermilion County Sheriff's personnel that Lots 8 and 9 were a single address and property and if so the identity of that officer

11. Whether there existed on November 5-7, 1997, a low fence running along the property line dividing Lots 8 and 9.

12. Whether there existed on November 5-7, 1997, multiple survey stakes in the ground along the property line dividing Lots 8 and 9.

13. What the dimensions were of a low fence running along the property line dividing Lots 8 and 9, if any such fence existed on November 5-7, 1997.

14. Whether the existence of a low fence and/or survey stakes, if any, either put DEFENDANT on notice that Lots 8 and 9 were not the same property, or should have caused DEFENDANT to know that Lots 8 and 9 were not the same property.

15. Whether PLAINTIFFS arrived at Lot 8 during the late afternoon of November 7, 1997, which was the third day the Vermilion County Sheriff's Office was executing the Order of Possession.

16. Whether, while at Lot 8 on November 7, 1997, PLAINTIFF ROBERT HANSEN informed DEFENDANT that the Order of Possession did not cover Lot 8.

10

17. Whether, on November 7, 1997, PLAINTIFFS' then-attorney, Richard Kurth, contacted Deputy Cannon at the Vermilion County Sheriff's Office by telephone on behalf of PLAINTIFFS. During this telephone call, Attorney Kurth informed Deputy Cannon that the Order of Possession was wrongfully being executed on Lot 8.

18. Whether, after receiving Attorney Kurth's telephone call on November 7, 1997, Deputy Cannon called to Sheriff's personnel at Lots 8 and 9 to investigate Attorney Kurth's claim. An unknown Sheriff's Office employee on site then reported to Deputy Cannon that an unknown Village of Tilton police officer previously had confirmed that Lots 8 and 9 constituted a single property and address.

E. **CONTESTED ISSUES OF LAW**

1. Whether DEFENDANT's conduct resulted in the unreasonable seizure of PLAINTIFFS' property in violation PLAINTIFFS' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

2. Whether DEFENDANT's conduct unconstitutionally caused PLAINTIFFS' personal property to be seized in violation of 42 U.S.C. § 1983 (2000).

3. Whether DEFENDANT is immune from suit because of qualified immunity.

4. Whether any issues remain in the case in light of the dismissal of Count I (due process) and Count II (constructive seizure).

Plaintiffs wish to add the following:

5. Whether it is unlawful for a law enforcement officer, when assisting with execution of an order of eviction, to cause to be seized personal property from adjacent premises

11

not within the purview of the order upon which the eviction is based.

~~PLAINTIFFS and DEFENDANT agree that~~ this general statement establishes the ~~basic principle of contended liability in~~ this case.

Defendant wishes to add the following:

    3.    It is unlawful for Sheriff's deputies, when serving eviction process, to cause to be seized personal property from adjacent premises not within the purview of the order upon which the eviction is based.

### F. JURY DEMAND

PLAINTIFFS have requested a jury trial. PLAINTIFFS and DEFENDANT stipulate that use of depositions during trial should be in accord with Fed. R. Civ. P. 32.

### III. PLAINTIFF'S STATEMENT

### A. ITEMIZED STATEMENT OF DAMAGES

    1.    Damages to both PLAINTIFF ROBERT HANSEN and PLAINTIFF DONNA HANSEN include the following:

    a.    Loss of personal property. See attached PLAINTIFFS' exhibit detailing the personal property taken from Lot 8 (119 W. Fourth Street) that has been seized or damaged.

    b.    Damage to personal property.

    c.    Emotional distress.

    d.    Punitive damages.

    e.    Reasonable attorney's fees.

    2.    Additional damages to PLAINTIFF ROBERT HANSEN include damage to his physical and mental health.

3. Both PLAINTIFFS claim damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000) compensatory damages for the above-described personal property seized or damaged.

4. Both PLAINTIFFS further seek punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000) for DEFENDANT's reckless disregard of PLAINTIFFS' constitutional rights.

## IV. EXHIBITS ATTACHED

The following exhibits are attached to this Pre-trial Order and are made a part hereof:

| Exhibit | Title of Exhibit |
| --- | --- |
| A. | Stipulation of Uncontested Facts and Issues of Law (signed by all parties) |
| B. | Witness List for PLAINTIFFS |
| C. | Witness List for DEFENDANT |
| D. | PLAINTIFFS' Exhibit List |
| E. | DEFENDANT's Exhibit List |
| F. | Joint Exhibit List |
| G. | Joint Proposed Jury Instructions |
| H. | PLAINTIFFS' Proposed Jury Instructions (objected to by DEFENDANT) |
| I. | DEFENDANT's Proposed Jury Instructions (objected to by PLAINTIFFS) |

## V. GENERAL ADDITIONAL

IT IS UNDERSTOOD BY THE PARTIES THAT:

PLAINTIFFS are limited to ___/___ expert witnesses whose names and qualifications have been disclosed to DEFENDANT. PLAINTIFFS disclosed one expert witness prior to the close of discovery. PLAINTIFFS have filed a Motion for Leave to Make Additional Expert

13

Witness Disclosure, which seeks leave to disclose an additional expert witness and is currently pending before the Court. DEFENDANT intends to call no expert witnesses.

Motions in limine were submitted to the Court by PLAINTIFFS and DEFENDANT on March 11, 2005.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed four (4) full days. The case is listed on the Court's jury trial calendar to be tried April 11-14, 2005.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additionally proposed jury instructions shall be submitted to the Court no later than five (5) days before the commencement of the trial, but there is reserved to counsel for the parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED. Entered this 28th day of March 2005.

s/ David G. Bernthal
_____
THE HONORABLE DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

s/ Brian Dampier                                 3/28/05
_____                        _____
BRIAN DAMPIER, Counsel for                       Date
PLAINTIFF ROBERT HANSEN and
PLAINTIFF DONNA HANSEN

s/ Scott Kording                                 3/28/05
_____                        _____
SCOTT KORDING, Counsel for                       Date
PLAINTIFF ROBERT HANSEN and
PLAINTIFF DONNA HANSEN

s/ John F. Martin                                3/28/05
_____                        _____
JOHN F. MARTIN, Counsel for                      Date
DEFENDANT CHARLES WOLFE

15